No.  89-612

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

J & L TIRE AND ALIGNMENT
CENTER and STATE
COMPENSATION INSURANCE
FUND,

       Defendants and Appellants,

       v.

JAMES R. PEAK,

       Claimant and Respondent.

APPEAL FROM:   Workers' Compensation Court,
             The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

             Norman C. Peterson, Agency Legal Services Bureau,
             Helena, Montana; Nancy Butler, State Insurance
             Fund, Department of Labor, Helena, Montana

       For Respondent:

             R. V. Bottomly, Bottomly Law Offices, Great Falls,
             Montana

**FILED**

FEB - 6 1991

Filed:

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  December 20, 1990

Decided:  February 6, 1991

/Clerk

1

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellant State Compensation Insurance Fund (State Fund) appeals from an order of the Workers' Compensation Court granting claimant attorney fees on the full amount of his final award.

We affirm.

The sole issue raised on appeal is whether the defendants made a firm offer of settlement prior to the final award.

In October of 1984, James Peak sustained a back injury while employed at J & L Tire and Alignment Center. He retained counsel and counsel began negotiating with the State Fund. The State Fund made several settlement proposals to claimant between 1985 and 1987. None of these proposals were accepted by claimant.

A hearing was held in October of 1988. As a result of this hearing, claimant was found to be permanently partially disabled. He was awarded 500 weeks of permanent partial disability benefits of $143.00 per week under the authority of § 39-71-703, MCA, and was also awarded reasonable costs and attorney fees under authority of § 39-71-612, MCA.

On November 14, 1988, claimant's counsel submitted his petition to the court for the agreed fee between counsel and claimant. He alleged that there had been no offers of settlement available at the time of the adjudication, and that all previous offers had been withdrawn. The Workers' Compensation Court held an evidentiary hearing to determine attorney fees. It found that the fees were due and ordered the State Fund to pay attorney fees in the amount of the contract agreement between the claimant and

2

his attorney, less the amount the State Fund had been willing to pay as a lump sum. It is from this order that the State Fund appeals.

Section 39-71-612, MCA (1983), reads:

(1) If an employer or insurer pays or tenders payment of compensation under chapter 71 or 72 of this title, but controversy relates to the amount of compensation due and the settlement or award is greater than the amount paid or tendered by the employer or insurer, a reasonable attorney's fee as established by the division or the workers' compensation judge if the case has gone to a hearing, based solely upon the difference between the amount settled for or awarded and the amount tendered or paid, may be awarded in addition to the amount of compensation.

(2) When an attorney's fee is awarded against an employer or insurer under this section there may be further assessed against the employer or insurer reasonable costs, fees, and mileage for necessary witnesses attending a hearing on the claimant's behalf. Both the necessity for the witness and the reasonableness of the fees must be approved by the division or the workers' compensation judge.

The State Fund maintained that there were offers to settle for a lesser amount made to the claimant before the disability hearing. The last proposal made by the State Fund prior to the Workers' Compensation Court's disposition of the disability claim was contained in a June 1987 letter that included the following language:

. . . authorized to make the following settlement offer. State Fund will pay Mr. Peak the sum of $47,000 over a period of time. Such sum includes attorney's fees and costs. If you should choose to accept this offer but prefer a lump sum arrangement, please feel free to reply with a proposal and I will take it to the State Fund for their consideration.

The following month, the State Fund corrected the dollar amount in a letter stating:

> This letter is to correct our earlier settlement offer of $47,000. Due to a mathematical misunderstanding the correct amount should be $48,910. Again, the State Fund would be willing to advance a reasonable lump sum to pay off any debt obligations which Mr. Peak may have incurred.

The claimant did not respond to this proposal.

A review of the record shows that the State Fund's proposal of $48,910 was but one of many in a series of proposals and counterproposals between the State Fund and the claimant. The record shows that at least in June, July, August, and December of 1985; October of 1986; June and December of 1987; and January and March of 1988, correspondence or telephone conference memoranda indicate that the parties were trying to negotiate a settlement. Many of those offers were accompanied by proposed conditions, including time conditions.

The proposal made by the State Fund cannot be considered a firm offer because it leaves open the manner of payment with the words ". . . the sum of $47,000 over a period of time." It also leaves open the possibility of a lump sum settlement of undetermined amount. To be an offer contemplated by the statute nothing must be left to negotiate.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

John E. Sheehy

_____

_____

_____
Justices